UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Noel Debra Hall,<br><br>Defendant. | Case No. 24-CR-303 (SRN/DLM)<br><br>**ORDER** |

Raphael Coburn, U.S. Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for the Government

Daniel L. Gerdts, Daniel L. Gerdts, Lawyer, 331 Second Ave. S., Ste. 705, Minneapolis, MN 55401, for Defendant Noel Debra Hall

___

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the Government's Motion in Limine to Admit Evidence of Body-Worn Camera Under Federal Rule of Evidence 401 [Doc. No. 34]. For the reasons set forth below, the motion is denied without prejudice.

I.    PARTIES' POSITIONS

In Defendant Noel Debra Hall's upcoming trial, the Government moves for the admission of Body Worn Camera ("BWC") video footage depicting witness Leflora York's initial encounter with St. Paul Police Department officers who responded to Mr. York's 911 call. (*See* Gov't Tr. Ex. 2; Ex. A to Gov't's BWC Mot. in Limine.)  In the 90-second video clip, Mr. York gave an out-of-court statement about the events leading to his 911 call.

1

The Government contends that the BWC clip is admissible under the present sense impression exception to the hearsay rule. (Gov't's BWC Mot. in Limine at 3–4.) It also seeks to admit it not for the truth of the matter asserted, but to counter Mr. Hall's statement in a Mirandized interview that Mr. York was high after smoking methamphetamine and was behaving erratically at the time of their interaction. (*Id.* at 1–2.) The Government contends that the BWC clip portrays Mr. York speaking rationally with officers and showing no outward signs of drug intoxication. (*Id.*)

Mr. Hall objects to the Government's motion as premature. (Def.'s Opp'n [Doc. No. 38] at 3.) He contends that Mr. York's "demeanor" has no relevance unless Mr. Hall testifies, and even then, only if he describes Mr. York as suffering from drug intoxication. (*Id.*)

## II. DISCUSSION

### A. Present-Sense Impression

Under Federal Rule of Evidence 803(1), "A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it," is admissible as an exception to the rule against hearsay. However, the BWC clip is not admissible under this exception. The clip begins approximately 13 minutes after Mr. York called the police and is too temporally distant to qualify as a present-sense impression under the facts here. *See United States v. Manfre*, 368 F.3d 832, 840 (8th Cir. 2004) ("The present-sense-impression exception to the hearsay rule is rightfully limited to statements made while a declarant perceives an event or immediately thereafter, and we decline to expand it to cover a declarant's relatively recent memories."). The Government cites

2

*United States v. Hawkins*, 59 F.3d 723, 730 (8th Cir. 1995), for the proposition that statements made 16 minutes after an event were sufficiently contemporaneous to qualify as a present-sense impression. But the *Hawkins* court's mention of a statement being made 16 minutes after an event came in a parenthetical describing a different case, *United States v. Mejia-Valez*, 855 F. Supp. 607 (E.D.N.Y. 1994) (tapes of two 911 calls, one 2–3 minutes after shooting, the other approximately 16 minutes after shooting, sufficiently contemporaneous with event and therefore admissible as present sense impression). In *Hawkins* itself, the declarant stated, "my husband *just* pulled a gun out on me." *Hawkins*, 59 F.3d at 730 (emphasis added by 8th Circuit). And in both *Hawkins* and *Mejia-Valez*, the statements were made in a 911 call, not after the caller had waited for police to arrive. While 911 calls are typically placed within "sufficient contemporaneity" to be admitted as present-sense impressions, and statements made "in [an] officer's body microphone *immediately* after hanging up from the 911 call during a time when [the caller] was still visibly upset and injured" have been found to be sufficiently contemporaneous, *United States v. Dean*, 823 F.3d 422, 427 (8th Cir. 2016) (emphasis added), the facts here are distinguishable.

During the 13 minutes between Mr. York's 911 call and the arrival of officers, as reflected in the BWC clip, Mr. York had initially walked away from the scene and then he returned at the request of the 911 dispatcher. He did not appear visibly upset and he reported no injuries. A 13-minute interval is sufficient time for a person to prepare a "deliberate or conscious misrepresentation" and for the spontaneity of immediate observances to dissipate. *See* Advisory Committee Notes to Rule 803 ("[T]he underlying

3

theory of [FRE 803(1)] is that substantial contemporaneity of an event and statement negate the likelihood of deliberate or conscious misrepresentation."); *Manfre*, 368 F.3d at 840 ("The opportunity for strategic modification undercuts the reliability that spontaneity insures."). For these reasons, the Court declines to find the BWC clip admissible as a present-sense impression.

### B. Demeanor Evidence

The Government also argues that the BWC clip is not hearsay, as it is not offered for the truth of the matter asserted. Rather, the Government seeks to show Mr. York's demeanor in order to rebut a portion of Mr. Hall's Mirandized statement, in which he described Mr. York as high and "tweaking."

At this time, the Court finds that admitting the BWC clip for this purpose is unnecessary. The Government can elicit testimony from the responding officers about Mr. York's demeanor, and the jury will hear the 911 call, which the Court has found preliminarily admissible. However, if Mr. Hall affirmatively places Mr. York's demeanor/state of mind in question through his own testimony, the Government may ask the Court to revisit this ruling.

For all of these reasons, the Government's motion is denied without prejudice.

Therefore, it is **HEREBY ORDERED** that:

1. The Government's Motion in Limine to Admit Evidence of Body-Worn Camera Under Federal Rule of Evidence 401 [Doc. No. 34] is **DENIED WITHOUT PREJUDICE**.

Dated: May 7, 2025                                s/Susan Richard Nelson
                                             SUSAN RICHARD NELSON
                                             United States District Judge